**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| NINETY NINE PLUS, LLC, | ) |
| | ) |
| Plaintiff, | )  Cause No. |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| THROUGH ITS AGENCY, THE | ) |
| UNITED STATES DEPARTMENT | ) |
| OF AGRICULTURE | ) |
| | ) |
| Defendant. | ) |
| | ) |
| <u>Serve</u>: | ) |
| U.S. Department of Agriculture | ) |
| 1400 Independence Avenue, S.W. | ) |
| Washington, D.C. 20250 | ) |

## COMPLAINT

COMES NOW Plaintiff, Ninety Nine Plus, LLC (the "Market") and for its Complaint for judicial review of the decision by the United States of America, acting through its agency, the United States Department of Agriculture ("USDA"), to permanently disqualify the Market from participation in the Supplemental Nutrition Assistance Program, and for its other causes of action, states as follows:

## PARTIES

1. The Market is a Missouri corporation that operates a grocery and convenience store located at 4145 N. Grand Blvd., St. Louis, MO 63107-1838.

2. Defendant USDA operates the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS").

1

## VENUE/JURISDICTION

3.     This matter involves the judicial review of the decision of USDA, through its FNS, to permanently disqualify the Market from the SNAP.  This Court has jurisdiction pursuant to 7 U.S.C. § 2023(13) and 7 CFR §279.7.

4.     Venue is proper in this district pursuant 7 U.S.C. § 2023(13) and 7 CFR §279.7 in that the Market operates its grocery store within the Eastern District of Missouri.

## PROCEDURAL HISTORY

5.     On October 16, 2023, Defendant USDA issued a Final Agency Decision to the Market upholding the USDA's decision to permanently disqualify the Market from participation in the SNAP (the "Agency Decision").  The purported basis for the Agency Decision was that there was substantial evidence that questionable transactions during the focus period have characteristics and display patterns that are not consistent with legitimate sales of eligible food to SNAP benefit customers as a store of this type, size and makeup."

6.     In addition, the Agency Decision denied that the termination of the Market from the SNAP Program would not result in a hardship to SNAP beneficiaries in the community.

7.      This Complaint is timely filed in that pursuant to 7 CFR § 279.7(a), the complaint must be filed "within 30 days after the date of delivery or service" of the Agency Decision.

8. Per 7 U.S.C. § 2023(15) and 7 CFR § 279.7(c), the suit in the U.S. District Court shall be a "trial de novo" by the court in which "the court shall determine the validity of the questioned administrative action."

## **COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION**

9. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-8 above.

10. The Agency Decision should be reversed because:

    a. The Market did not commit the alleged acts of trafficking;

    b. The USDA failed to produce evidence that the Market committed the alleged acts of trafficking;

    c. The USDA made multiple mistakes of fact, and relied upon the mistaken facts in coming to its incorrect decision;

    d. The USDA relied upon an inspection performed by an independent contractor, Rick Steen, who has a documented history of performing incorrect and inaccurate inspections, and was so in this instance;

    e. The Administrative Review Officer failed and refused to consider documents submitted in support of the Market's position;

    f. The USDA denied the Market due process in that:

        (i) the USDA failed to produce the evidence upon which it relied for the Agency Decision;

        (ii) the Market was not permitted to respond to the evidence referred to in the Agency Decision;

      (iii)    the USDA's internal review process, and the standard of review imposed by the USDA, all but guarantee that small- to medium-sized convenience and grocery stores will be permanently disqualified, which is borne out by the USDA's statistics that almost 99% of all alleged instances of violations are sustained and sanctions applied;

      (iv)    the USDA refuses to provide critical information to stores participating in the internal review process that would permit those stores to prove their compliance with program regulations; and

      (v)    The USDA targets small- to medium-sized stores for sanctions, while not investigating larger stores for violations despite those larger stores constituting a majority of all redemptions.

    g.    The USDA was wrong in finding that the Market's termination would not result in a hardship to the SNAP beneficiaries in the community.

11.    The decision to disqualify the Market was arbitrary, capricious, against the weight of the evidence, and not reasonable based upon the evidence.

WHEREFORE, Plaintiff Ninety Nine Plus, LLC requests that this Court set aside the Agency Decision and enter its own Order and Judgment that Plaintiff did not commit the alleged acts of trafficking, reversing the permanent disqualification of Plaintiff from the SNAP, and for such other and further relief as may be just and proper.

**COUNT II – APPLICATION FOR STAY PURSUANT TO 7 U.S.C. §2023**

12.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 above.

13. Pursuant to 7 U.S.C. §2023(a)(17),

> During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, *unless an application to the Court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal*.

Id. (emphasis added).

14. Following the USDA's Retailer Operations Division's decision to permanently disqualify the Market from the SNAP, the Market has been prohibited from accepting SNAP benefits from its customers. The disqualification continued throughout the time before the Administrative Review Branch, and will continue through the next 1-2 years of this judicial review unless this Court grants a temporary stay of the administrative action.

15. The Market is located in North St. Louis City, Missouri. A substantial portion of the Market's customers utilize SNAP benefits for some or all of their food purchases.

16. The Market will not be able to remain open during the pendency of this lawsuit without a stay from this Court. Therefore, the Market will suffer irreparable harm without the stay.

17. In Count I of this Complaint, the Market seeks judicial review of the administrative action taken by the USDA. The only relief available is for this Court to set aside the permanent disqualification and allow the Market to continue accepting SNAP benefits from customers. The Market cannot recover damages as part of the judicial review process. See 7 U.S.C. §2023(a)(18). Consequently, without the stay, the

5

Market's pursuit of judicial review becomes meaningless because it will be long since closed once that relief is awarded.

WHEREFORE, Plaintiff, Ninety Nine Plus, LLC requests that this Court enter a stay in this case of the administrative action imposed by the USDA permanently disqualifying the Market from participation in the SNAP during the pendency of this case pursuant to 7 U.S.C. §2023(a)(17), ordering the USDA to permit Plaintiff to participate in the SNAP during the pendency of this case, and further relief as may be just and proper.

                                              **WITZEL KANZLER & DIMMITT LLC**

                                              By: /s/ Jay L. Kanzler Jr.
                                                   Jay L. Kanzler Jr. (Mo. #41298)
                                                   2001 S. Big Bend Blvd.
                                                   St. Louis, Missouri 63117
                                                   Tel:   (314) 645-5367
                                                   Fax:   (314) 645-5687

                                             Attorneys for Plaintiff Ninety Nine Plus, LLC